Approved:   /s/ David J. Robles
            DAVID J. ROBLES
            Assistant United States Attorney

Before:     THE HONORABLE KATHARINE H. PARKER
            United States Magistrate Judge
            Southern District of New York



- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :   SEALED COMPLAINT
                                  :   Violation of
       - v. -                     :   21 U.S.C. § 841
                                  :
RAFAEL VENTURA,                   :
                                  :
              Defendant.          :   COUNTY OF OFFENSE:
                                  :   BRONX

- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

TYLER BOUCHER, being duly sworn, deposes and says that he is a Task Force Officer with the Drug Enforcement Administration ("DEA") New York Drug Enforcement Task Force, and charges as follows:

**COUNT ONE**
(Narcotics Distribution)

1. On or about February 28, 2022, in the Southern District of New York and elsewhere, RAFAEL VENTURA, the defendant, intentionally and knowingly distributed and possessed with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

2. The controlled substances involved in the offense were (i) 40 grams and more of mixtures and substances containing a detectable amount of fentanyl, and (ii) 500 grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(B).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

3. I am a Task Force Officer with the DEA New York Drug Enforcement Task Force, and I have been personally involved in this investigation. This affidavit is based on my investigation, my conversations with other law enforcement officers and other individuals, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. Based on my training and experience, my participation in this investigation, including my conversations with other law enforcement agents, and my review of law enforcement reports and records, I have learned the following, among other things:

a. On or about February 18, 2022, the Honorable James L. Cott authorized a warrant for historical and prospective location data and pen register information for a particular cellphone number ("Target Cellphone-1"), believed to be used by another individual not named herein ("Individual-1") to engage in narcotics trafficking and money laundering activities.

b. On or about February 19, 2022, the Honorable Gabriel W. Gorenstein authorized a warrant for the use of a cell-site simulator to locate Target Cellphone-1. After obtaining that warrant, on or about February 20, 2022, law enforcement used the cell-site simulator and determined that Target Cellphone-1 was inside a particular apartment in the vicinity of 2709 Heath Avenue in the Bronx, New York (the "Apartment"), located inside of a residential building (the "Building").

c. On or about February 28, 2022, law enforcement conducted surveillance outside of the Building. While conducting surveillance, at approximately 4:00 p.m., law enforcement observed, in substance and in part, a white Mercedes Benz vehicle with a Connecticut license plate drive away from the Building and then reverse back to the Building. An individual, later identified as Individual-1, exited the Building and approached the white Mercedes Benz, and appeared to remove an object from the trunk of the vehicle. The driver of the white Mercedes Benz, later identified as RAFAEL VENTURA, the defendant, also exited the

vehicle momentarily and appeared to obtain something from Individual-1. Individual-1 then entered the Building and the white Mercedes Benz drove away. Law enforcement established surveillance on the white Mercedes Benz and followed the vehicle.

          d. Approximately fifteen minutes later, law enforcement observed the white Mercedes Benz commit multiple traffic infractions, including failure to signal and having an obstructed license plate. Law enforcement pulled over the white Mercedes Benz in the vicinity of West 177th Street and Davidson Avenue in the Bronx, New York. Upon approaching the vehicle, law enforcement observed an individual, later identified as VENTURA, driving the vehicle. There were no other occupants inside the vehicle. VENTURA provided verbal consent to search the vehicle and, upon searching the trunk of the vehicle, law enforcement recovered two clear plastic-wrapped packages which, based on my training, experience, and participation in this investigation, I believed to contain controlled substances. The two packages seized from the trunk of the vehicle driven by VENTURA are depicted below:



          e. VENTURA was placed under arrest and transported to a local precinct.

     5. Based on my conversations with VENTURA, I have learned the following, in substance and in part:

          a. After arriving at the precinct, RAFAEL VENTURA, the defendant, signed a written *Miranda* waiver form and also verbally waived his *Miranda* rights. VENTURA told law enforcement, in sum and substance, that he had purchased the narcotics found in his vehicle from Individual-1 earlier that day inside of the Apartment, in exchange for approximately $4,000.

    b. VENTURA also explained that Individual-1 had come out of the Building shortly before VENTURA was pulled over by law enforcement because VENTURA had forgotten his cellphone inside the Apartment and that, when Individual-1 went into the trunk of VENTURA's vehicle, Individual-1 removed a gift bag that had previously been concealing the narcotics that VENTURA bought from Individual-1. VENTURA also provided law enforcement with the cellphone number he used to contact Individual-1, which matched the cellphone number for Target Cellphone-1.

    6. Based on my personal observations, my conversations with other law enforcement officers, and my training and experience, I know that the substances recovered from the trunk of the vehicle that RAFAEL VENTURA, the defendant, was driving weighed a total of approximately 800 grams. The substance in the larger wrapping, which I believe weighs approximately 600 grams, field-tested positive for cocaine. The substance in the smaller wrapping, which I believe weighs approximately 200 grams, field-tested positive for fentanyl.

    WHEREFORE, I respectfully request that RAFAEL VENTURA, the defendant, be imprisoned or bailed, as the case may be.

                                           _____
                                           Tyler Boucher
                                           Task Force Officer
                                           DEA New York Drug Enforcement
                                           Task Force

Sworn to me through the transmission of this
Complaint by reliable electronic means, pursuant to
Federal Rules of Criminal Procedure 41(d)(3) and 4.1 this
1st Day of March, 2022

_____
THE HONORABLE KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4